**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| LAURA, INC., Plaintiff, v. RICHARD SORENSON, Defendant. | ) | Civil Action No. 1:26-cv-13001-MJJ |

**MEMORANDUM OF DECISION**

November 18, 2026

JOUN, D.J.

Plaintiff Laura, Inc. seeks a declaration that it has no continuing obligation to provide maintenance and cure to Defendant Richard Sorenson, a former crew member aboard Plaintiff's Vessel. *See generally* [Doc. No. 1]. Before me is Defendant's Motion to Dismiss on the ground that he has brought an action in Massachusetts Superior Court asserting related claims under the Jones Act and general maritime law. *See generally* [Doc. No. 8]. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

## I. BACKGROUND

Plaintiff is the owner of the F/V PRINCESS LAURA (the "Vessel"), a commercial fishing vessel based in Gloucester, Massachusetts. [Doc. No. 1 at ¶ 2]. On December 20, 2025, Mr. Sorenson was injured while working aboard the Vessel.[1] [*Id.* at ¶¶ 3, 6]. The following day, he

[1] The parties dispute the circumstances and significance of the incident. Mr. Sorenson alleges that, while performing his duties in the vessel's fish hold, his foot fell through the floor. [Doc. No. 8 at 1; Doc. No. 8-1 ¶ 11]. Plaintiff's complaint describes an incident involving boards on the dock and disputes that any work-related trauma caused or aggravated his medical condition. [Doc. No. 1 ¶¶ 6–8; Doc. No. 12 at 1–2]. I do not resolve those factual disputes on this motion.

sought medical attention after developing pain and swelling in his left lower extremity and eventually underwent a below-knee amputation. [Doc. No. 8 at 1]. Plaintiff attributes Mr. Sorenson's vascular complications to preexisting peripheral vascular disease and a hypercoagulable state, together with alleged failures to follow medical advice; Mr. Sorenson maintains that his injuries arose in the service of the vessel. [Doc. No. 1 at ¶¶ 7–12; Doc. No. 8 at 1].

Mr. Sorenson's counsel demanded maintenance and cure on January 15, 2026. [Doc. No. 8 at 1]. The parties disagree about whether and when the amounts owed were paid: Mr. Sorenson asserts that maintenance payments began only on March 11, 2026, and that cure payments have been limited; Plaintiff asserts that it paid the maintenance and cure associated with the acute episode through maximum medical improvement and continues to make payments under protest, including lodging expenses in Maine. [*Id*. at 1–2; Doc. No. 12 at 2–3].

Plaintiff initiated this declaratory judgment action on June 30, 2026. [Doc. No. 1]. On July 29, 2026, Mr. Sorenson filed a complaint seeking a jury trial in Massachusetts Superior Court for his Jones Act negligence claim, claim for maintenance and cure, and other related claims. [Doc. No. 8-1]. He then filed the present motion. [Doc. No. 8]. Although the state-court complaint had not been served when Plaintiff filed its opposition on August 20, 2026, the state-court docket reflects service on August 24, 2026, and return of service on September 22, 2026. *Sorenson v. Laura, Inc.*, No. 2677CV00955, Dkt. Nos. 3–4 (Mass. Super. Ct.).

## II. ANALYSIS

### A. Governing Principles

The duty to provide maintenance and cure is a longstanding principle of general maritime law. A vessel owner is obligated to provide basic living expenses and medical care to a seaman

who becomes ill or injured while in the service of the vessel. *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 413 (2009). A claim for maintenance and cure concerns the vessel owner's obligation to provide food, lodging, and medical services to a seaman injured while serving the ship. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001). "The remedy of maintenance and cure is deliberately expansive and is not 'restricted to those cases where the seaman's employment is the cause of the injury or illness.'" *Ramirez v. Carolina Dream, Inc.*, 760 F.3d 119, 122–23 (1st Cir. 2014) (citing *Calmar S.S. Corp. v. Taylor*, 303 U.S. 525, 527 (1938)). In other words, "it does not matter if an incapacitating illness preexisted the seaman's maritime employment, so long as the condition was not deliberately concealed or disabling when the seaman joined the ship's service." *Ramirez*, 760 F.3d at 124.

The Jones Act provides a negligence cause of action to a qualifying seaman and affords a jury trial. 46 U.S.C. § 30104; *Napier v. F/V DEESIE, Inc.*, 454 F.3d 61, 67 (1st Cir. 2006) (citation omitted). The saving-to-suitors clause preserves remedies that may be pursued outside the admiralty forum. 28 U.S.C. § 1333(1). When Jones Act and related maintenance-and-cure claims are tried together, a jury may determine both. *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 20–21 (1963); *Concordia Co. v. Panek*, 115 F.3d 67, 70 (1st Cir. 1997).

The Declaratory Judgment Act provides that a federal court "may declare" the parties' rights; it does not confer an unconditional right to a declaration. 28 U.S.C. § 2201(a). Courts therefore retain substantial discretion to decline declaratory relief when considerations of practical utility, fairness, and sound judicial administration warrant that result. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–90 (1995); *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 534 (1st Cir. 1995); *Riva v. Commonwealth of Massachusetts*, 61 F.3d 1003, 1012 (1st Cir. 1995). In the First Circuit, review of a decision to withhold declaratory relief occupies a middle ground

between ordinary abuse-of-discretion and de novo review and accords substantial deference to the district court's reasoned judgment. *Covidien LP v. Esch*, 993 F.3d 45, 52 (1st Cir. 2021). Relevant considerations include whether a declaration would usefully clarify the parties' legal relations, relieve the uncertainty prompting the action, promote efficiency, and serve the interests of fairness and practical convenience. *See Metro. Prop. & Liab. Ins. Co. v. Kirkwood*, 729 F.2d 61, 62 (1st Cir. 1984); *Riva*, 61 F.3d at 1012. When overlapping litigation is pending in state court, the Court also considers whether the controversy can be satisfactorily resolved there and whether federal proceedings would needlessly duplicate the parties' efforts. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *Wilton*, 515 U.S. at 282–83, 290.

**B. Retention of this Declaratory Judgment Action**

Plaintiff identifies a concrete interest in prompt declaratory relief. It represents that it continues paying maintenance and cure under protest while disputing any continuing obligation. Plaintiff also correctly observes that maintenance-and-cure payments generally cannot be recovered through a freestanding reimbursement action merely because the vessel owner later prevails, although an offset may be available against an award of damages. *Block Island Fishing, Inc. v. Rogers*, 844 F.3d 358, 366–67 (1st Cir. 2016). Conversely, willful and wanton failure to provide maintenance and cure owed to a seaman can expose a vessel owner to punitive damages. *Townsend*, 557 U.S. at 424–25. Plaintiff thus faces a genuine dilemma in deciding whether to continue making payments while the underlying dispute remains unresolved. That circumstance weighs in favor of retaining this action, and I do not discount it.

Other considerations, however, carry greater weight. The state-court action involves the same parties, the same alleged incident, and claims for maintenance and cure as well as Jones Act negligence and unseaworthiness. The parties' respective accounts of the incident, the extent and cause of Mr. Sorenson's condition, and the scope of Plaintiff's financial obligations will

substantially overlap. Permitting both actions to proceed would duplicate litigation and risk inconsistent factual determinations. The state court can adjudicate the maintenance-and-cure dispute along with Mr. Sorenson's affirmative claims in a single proceeding before the appropriate factfinder. Although Plaintiff seeks a prompt determination, the federal action has not been shown to offer a reliable means of resolving the controversy materially sooner than the now-served state action. A declaration here would therefore be of limited additional practical utility.

Plaintiff argues that Mr. Sorenson could instead assert counterclaims in this Court and demand a jury, thereby avoiding any impairment of his jury-trial rights. That is a substantial point. I do not conclude that the saving-to-suitors clause categorically guarantees Mr. Sorenson his preferred forum or that proceeding here would necessarily deny him a jury. Nonetheless, his election to bring an affirmative, comprehensive action in state court is relevant to the discretionary balance. *See, e.g.*, *Odeco Oil & Gas Co., Drilling Division v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) ("The saving to suitors clause evinces a preference for jury trials and common law remedies in the forum of the claimant's choice."). I give this consideration weight together with, rather than in place of, the substantial interests in comprehensive and nonduplicative adjudication.

Nor is the fact that Plaintiff filed first dispositive. Plaintiff suggests that the timing of Mr. Sorenson's state-court complaint, his motion to dismiss, and his counsel's litigation history demonstrate judge-shopping or deliberate delay. On this record, those allegations remain speculative. Mr. Sorenson filed the state complaint shortly after the federal action and subsequently accomplished service. Service alone does not establish how quickly that case will progress, but it establishes that the complaint is no longer merely an unserved pleading. Nothing presently before me sufficiently supports a finding that Mr. Sorenson selected the state forum for an improper purpose. Likewise, the mere fact that Plaintiff sought a federal declaration first does not establish improper procedural fencing on Plaintiff's part. I attribute no bad faith to either side.

Balancing these considerations, I conclude that the state proceeding provides an adequate and more comprehensive vehicle to decide the parties' dispute. Plaintiff's continuing-payment exposure is significant, but it does not justify concurrent adjudication of the same maintenance-and-cure obligation when that question is squarely presented in a pending state action alongside closely related claims. The duplication of proof, the prospect of inconsistent determinations, and the ability of the state court to resolve all claims in one lawsuit favor declining declaratory relief.

### C. Dismissal Rather Than a Stay

Plaintiff alternatively asks the Court to hold the motion in abeyance, preserving the federal forum if the state action is not diligently prosecuted. [Doc. No. 12 at 10–11]. I have considered that alternative, including the observation in *Wilton* that a stay will often be preferable when it protects against the possibility that the state action will fail to resolve the controversy. 515 U.S. at 288 n.2. Here, however, the state action includes the same parties and the maintenance-and-cure question presented in this case; it also includes Mr. Sorenson's related affirmative maritime claims. The complaint has been served, and the record supplies no concrete basis to conclude that the state court cannot adjudicate the controversy. Under these circumstances, maintaining a duplicative federal case on the docket would serve little purpose. Dismissal without prejudice, rather than a stay, is appropriate.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, [Doc. No. 8], is GRANTED. This action is DISMISSED without prejudice.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge